No. 61.—GILBEN J. GREEN, administrator of David M. Causey, plaintiff in error, *vs.* NANCY J. CAUSEY, defendant in error.

[1.] Where judgments had been obtained against the husband prior to the marriage with his wife, and his estate insolvent: *Held*, that on the death of the husband, the wife was entitled to dower in his lands which had not been sold under the judgment; that altough the judgments created a lien upon his lands, his *seisin* thereof was not divested until levy and sale under the execntion, in the manner pointed out by law.

Application for dower, in Crawford Superior Court. Tried before Judge STARK, February Term, 1851.

This was an application made to the Superior Court of Crawford County, by the defendant in error, to have dower assigned her, in fifteen acres of land situate in said County, of which her husband, David M. Causey, died seized and possessed.

Commissioners were appointed, who laid off and assigned one-third of said land, on which were situated the dwelling house, kitchen, &c. to the applicant.

To the confirmation of said assignment by the Court, plaintiff in error objected, on the grounds:

1st. Because the third assigned to the demandant, was of greater value than either of the other thirds.

2d. Because before the intermarriage of David M. Causey and demandant, there were divers judgments against said Causey, which remained unsatisfied, and constituted prior liens upon his lands, which the marriage did not divest, and that the estate was, and is, insolvent.

3d. Because the applicant had clandestinely sent off two negroes belonging to said estate, and concealed the evidence of title to the same, from administrator, which was an act that barred her of the right of dower.

4th. That the lands in question were in a public place of business, and a third in value should have been assigned.

On the trial of the issue upon this traverse, at the February Term, 1851, counsel for applicant moved to strike out the second and third grounds, which motion was sustained by the Court, and counsel for plaintiff in error excepted.

It appeared in evidence, that the fifteen acres of land lay contiguous to the corporate limits of the Town of Knoxville; and one witness *swore*, that it derived considerable value from the fact that it was convenient for residences for those who might follow business in said Town.

The Court charged the Jury, "that the right of the applicant in this case to have the assignment of dower affirmed, depends on the question, whether or not the commissioners have

assigned her more than her legal rights. Has the law been executed? is the question. If it has, you will confirm the return of the commissioners; if not, set it aside, and a new writ will issue.

"If the land on which this dower is claimed, be without a corporate City, Village, or public place of business, then a different rule prevails from that in force in relation to real estate, situated within these places. The location of the property, is a question of fact for your exclusive determination." The Act incorporating the Village of Knoxville, and the Acts amendatory thereof, were read by the Court to the Jury, and he proceeded; "If the land in this case, is situated without any corporate City, Village or public place of business, and if the commissioners have not assigned the widow more than one-third part of the lands, including the tenements, having regard to the shape and valuation of the lands, then the applicant has received no more than her legal rights, and you should confirm the return of the commissioners.

"If the lands are within any corporate City, Village or public place of business, then she is not entitled to one-third part of the lands, including the tenements, but is only entitled to one-third part of the lands and tenements, according to quantity or valuation, as may be proper, just and equitable. Regulate your verdict by the instructions given."

To which charge of the Court, counsel for plaintiff in error excepted, and upon these several exceptions have assigned error.

GREEN & CULVERHOUSE, for plaintiff in error.

S. & R. P. HALL, for defendant.

*By the Court.*—WARNER, J. delivering the opinion.

This case came before the Court below, on objections filed to the return of the commissioners who had made an assignment of dower to the demandant.

The first objection, that the third assigned to the demandant was greater than either of the other thirds, will necessarily be controlled by the judgment rendered upon the fourth ground, and therefore we pass that by for the present.

[1.] The second objection taken to the demandant's right to dower is, that before her marriage with her late husband, there were divers judgments against him unsatisfied, which created *prior* liens upon the land, to that of the widow's right of dower, his estate being insolvent. The question is, do judgments against the husband, *prior* to the marriage, when his estate is insolvent, defeat the right of the wife to dower in his lands and tenements?

By the Act of 1826, the widow is entitled to dower in *all lands* of which her husband may have died *seized* and *possessed*. *Prince*, 249. Although under our law, a judgment creates a *lien* upon the defendant's property, yet he continues *seized* thereof until a levy and sale in the manner pointed out by law. Although judgments were obtained against the husband *prior* to his marriage, yet, that fact alone did not defeat the *seisin* of his land; and when he married his wife, and died *so seized* of the land in controversy, his widow, under the provisions of the Act of 1826, became entitled to dower in *all the lands* of which he died *seized* and *possessed*. Whether the widow takes her dower, subject to the *incumbrance* of the judgments against her husband prior to the marriage, is a question not made in this record, and upon which we express no opinion. The motion to strike out this ground of objection, was properly sustained, in our judgment, by the Court below, as constituting no legal objection to the widow's right to dower in the lands of her deceased husband.

The third ground taken in relation to the widow clandestinely sending off two of the negroes, was no legal bar to her right to dower, and the Court below also properly sustained the motion to strike out *that objection.*

The first and fourth objections to the assignment of the widow's dower to the lands in question, relate to the *portion* assigned to her, which necessarily depends, under the provisions of the Act of 1839, on the *locality* of the land. By that Act, if

the lands are "*without* any corporate City, Village or *public place of business*," then the widow is to have one-third part thereof assigned to her, including the tenements. If the lands are *with in* any corporate City, Village or place of public business, then the widow is to have assigned to her one-third part of all the lands and tenements, according to quantity or valuation, as shall be thought proper, just and equitable. *Cobb's New Digest*, 229. The Court left the question as to the locality of the premises to the Jury, and the charge of the Court to the Jury on this branch of the case, is excepted to.

If there is error in the charge of the Court to the Jury, we are unable to discover it. The charge, as it appears in the record before us, is substantially in the very words of the Statute.

Let the judgment of the Court below be affirmed.